IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-01666 |
| | § | |
| SNP HOOKAH LOUNGE AND GRILL LLC, *et al.*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court in this anti-piracy lawsuit is Plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") Motion for Summary Judgment and Supporting Brief ("Motion for Summary Judgment" or "Motion") [Doc. # 34] seeking judgment against Defendants Mohd Azeem Nasir Mahmood, Muhammad Alam Millu, and Nasir Mahmood (collectively, the "Individual Defendants"). The Individual Defendants have not filed a response, and their time to do so has expired.[1] The Motion is ripe for decision. Based on Joe Hand's briefing, relevant matters of record, and pertinent legal authority, the Court **grants** Joe Hand's Motion for Summary Judgment.

---

[1] *See* S.D. Texas Loc. R. 7.3; Hon. Nancy F. Atlas, Court Procedures and Forms, R.7(A)(4).

## I. BACKGROUND

Plaintiff Joe Hand initiated this lawsuit on May 30, 2018, against Defendant SNP Hookah Lounge and Grill LLC ("SNP Hookah") and the Individual Defendants.[2] Joe Hand alleges that all Defendants engaged in the unauthorized and illegal interception and/or receipt and exhibition of the *Ultimate Fighting Championship® 205: Alvarez vs. McGregor* broadcast on November 12, 2016 (the "Event") at their establishment known as SNP Hookah Lounge in Houston, Texas (the "Establishment").[3] Joe Hand asserts claims for satellite and cable piracy under the Federal Communication Act, 47 U.S.C. §§ 553 and 605.

On February 6, 2019, Joe Hand served the Individual Defendants with Requests for Admission.[4] To date, Defendants have not responded to the Requests.

On February 21, 2019, the Court entered a Default Judgment [Doc. # 30] in favor of Joe Hand against SNP Hookah for its violation of 47 U.S.C. § 605. The Court awarded statutory damages under § 605(e)(3)(C)(i)(II) in the amount of

---

[2] Complaint [Doc. # 1].

[3] Amended Complaint [Doc. # 4].

[4] Plaintiff's First Set of Requests for Admission to Defendant, Mohd Azeem Nasir Mahmood ("Requests for Admission to Mohd Azeem Nasir Mahmood") [Doc. # 36-3]; Plaintiff's First Set of Requests for Admission to Defendant, Muhammad Alam Millu ("Requests for Admission to Muhammad Alam Millu") [Doc. # 36-4]; Plaintiff's First Set of Requests for Admission to Defendant, Nasir Mahmood ("Requests for Admission to Nasir Mahmood") [Doc. # 36-5].

2

$5,000 and additional damages under § 605(e)(3)(C)(ii) in the amount of $20,000, plus interest, costs, and reasonable attorney fees.

Joe Hand seeks the entry of summary judgment that all Defendants are jointly and severally liable for: $5,000 in statutory damages under § 605(e)(3)(C)(i)(II); $20,000 in additional damages under § 605(e)(3)(C)(ii); $1,075.00 in costs; attorney fees; and post-judgment interest.

## II. LEGAL STANDARDS

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). Summary judgment on a claim or part of a claim is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (quoting FED. R. CIV. P. 56(a)).

Where, as here, the movant would bear the burden of proof at trial, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (first alteration in original). As a party asserting that certain facts cannot be genuinely disputed, Joe Hand "has the initial

3

responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings and materials in the record, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *See Deutsche Bank Nat'l Tr. Co. v. Cardona*, No. 7:16-CV-448, 2017 WL 2999272, at *1 (S.D. Tex. Apr. 20, 2017). *See also* FED. R. CIV. P. 56(c)(1). Once the movant meets its burden, "[t]he burden then shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits [and other competent evidence] designate specific facts showing that there is a genuine issue for trial.'" *Davis v. Fort Bend County*, 765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B. Anti-Piracy Under 47 U.S.C. § 605

Section 605 states that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents,

4

substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). "Section 605 is a strict liability statute." *Innovative Sports Mgmt., Inc. v. Martinez*, No. 4:15-CV-01460, 2017 WL 6508184, at *3 (S.D. Tex. Dec. 19, 2017) (citing *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753 (S.D. Tex. 2014)). To establish liability, Joe Hand must show that (1) the Event was exhibited in SNP Hookah Lounge and (2) Joe Hand did not authorize the particular exhibition of the Event. *See id.*; *Joe Hand Promotions*, 11 F. Supp. 3d at 753; *J & J Sports Prods., Inc. v. Casita Guanajuato, Inc.*, No. A-13-CA-824-SS, 2014 WL 1092177, at *1 (W.D. Tex. Mar. 19, 2014).

Persons aggrieved by violations of § 605 are authorized to bring civil suits to enforce its provisions. *See* 47 U.S.C. § 605(e)(3)(A). A successful § 605 claimant may be awarded injunctive relief, damages, and "the recovery of full costs, including . . . attorneys' fees." *See id.* § 605(e)(3)(B). The prevailing party may elect to recover their actual damages or statutory damages. *See id.* § 605(e)(3)(C)(i). If the prevailing party elects to receive statutory damages, the court may award damages between $1,000 and $10,000 for each violation. *See id.* § 605(e)(3)(C)(i)(I)-(II). The Court also has discretion to award additional damages up to $100,00 for violations "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." *See id.* § 605(e)(3)(C)(ii).

5

## III. DISCUSSION

### A. Summary Judgment

Joe Hand seeks summary judgment that all Defendants are jointly and severally liable under 47 U.S.C. § 605 for pirating Joe Hand's broadcast. Defendants have not responded to Joe Hand's Motion for Summary Judgment and the Individual Defendants have not responded to Joe Hand's Requests for Admission.

A non-movant's failure to respond does not permit a federal court to grant a "default" summary judgment. *See Innovative Sports Mgmt.*, 2017 WL 6508184, at *4 ("[A] federal court may not grant a 'default' summary judgment where no response has been filed." (quoting *Bradley v. Chevron U.S.A., Inc.*, No. Civ. A. 204CV092J, 2004 WL 2847463, at *1 (N.D. Tex. Dec. 10, 2004)); *Brown v. Bank of Am.*, No. 3:13-CV-2666-D, 2014 WL 12531162, at *1 (N.D. Tex. Jan. 14, 2014) ("Plaintiffs' failure to respond does not, of course, permit the court to enter a 'default' summary judgment."). "Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment." *Innovative Sports Mgmt.*, 2017 WL 6508184, at *4. *See* FED. R. CIV. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); *Eversley v. MBank*

*Dall.*, 843 F.2d 172, 173-74 (5th Cir. 1988) (holding the district court properly "accepted as undisputed the facts so listed in support of [the defendant's] motion for summary judgment" when the plaintiff did not file an opposition to the motion).

Similarly, under Federal Rule of Civil Procedure 36, if a party does not respond to a request for admission within 30 days, the matter is deemed admitted and conclusively established. *See* FED. R. CIV. P. 36(a)(3); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("Under [Rule 36], a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). "[I]f the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (per curiam) (quoting *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

Here, Joe Hand has submitted summary judgment evidence, specifically, affidavits, supporting the essential § 605 elements that (1) the Event was exhibited in SNP Hookah Lounge,[5] and (2) Joe Hand did not authorize the particular

---

[5] UFC Piracy Affidavit [Doc. # 35-5].

exhibition of the Event.[6] *See Innovative Sports Mgmt.*, 2017 WL 6508184, at *4; *Joe Hand Promotions*, 11 F. Supp. 3d at 753.

In addition, because the Individual Defendants did not respond, object, or assert any privileges to Joe Hand's Requests for Admission, the admissions are deemed admitted. These admissions further support the essential elements of a § 605 claim against the Individual Defendants. The admissions establish that the Individual Defendants were officers, managers, and owners of SNP Hookah on the night of the Event; they received a direct financial benefit from the activities of the Establishment on the night of the Event; they were present and witnessed the broadcast of the Event at the Establishment; the Establishment was open for business and was not a residential dwelling on the night of the Event; and neither the Individual Defendants nor anyone else was authorized by Joe Hand to broadcast the Event at the Establishment.[7]

Because Joe Hand submitted admissible summary judgment evidence satisfying all the essential elements of a § 605 claim, the burden shifts to the Individual Defendants to present evidence that raises a material question of fact for

---

[6] Affidavit of Joe Hand, Jr. [Doc. # 35-2], ¶ 9.

[7] Requests for Admission to Mohd Azeem Nasir Mahmood at 2-4; Requests for Admission to Muhammad Alam Millu at 2-4; Requests for Admission to Nasir Mahmood at 2-4.

trial. *See Davis*, 765 F.3d at 484. The Individual Defendants did not respond to the Motion and thus have not met their burden. *See* FED. R. CIV. P. 56(e)(2). The Court accordingly **grants** summary judgment in favor of Plaintiff and will award appropriate damages, attorney fees, and costs against the Individual Defendants. *See* 47 U.S.C. § 605(e)(3)(B)(iii) ("The Court . . . may award damages . . . and . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" on a claim under § 605).

### B. Damages

Under § 605(e)(3)(C)(i)(II), the court may award damages between $1,000 and $10,000 for each violation. *See* 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). The Court also has discretion to award additional damages up to $100,000 for willful violations under 47 U.S.C. 605(e)(3)(C)(ii). Joe Hand seeks statutory damages in the amount of $5,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and additional damages of $20,000 under 47 U.S.C. § 605(e)(3)(C)(ii).

After a careful review of Joe Hand's evidence, which details the types of damages that Joe Hand has suffered, including loss of existing and potential customers, loss of sublicense fees, financial loss, loss of good will, and loss of

reputation,[8] the Court finds that an award of $5,000 in statutory damages is appropriate.

Furthermore, the Court concludes damages for a willful violation are appropriate because there is no genuine dispute that the Individual Defendants had the purpose and intent to secure financial gain by pirating Joe Hand's licensed exhibition. The Court concludes that an award of additional damages of $20,000 is appropriate, in light of both the apparent small scale of the exhibition and the importance of deterring violations of § 605. *See Innovative Sports Mgmt.*, 2017 WL 6508184, at \*5 (awarding $24,000 in additional damages based on the small scale of exhibition and the importance of deterring violations of § 605).

### C. Attorney Fees

In the Fifth Circuit, "[t]he first step in determining statutorily authorized attorneys' fees is to calculate a 'lodestar' amount." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). There is a "strong presumption" that the lodestar amount—the product of reasonable hours times a reasonable rate—represents a reasonable fee. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

---

[8] Affidavit of Joe Hand, Jr. [Doc. # 35-2].

After calculating the lodestar, "[t]he court must then consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the [12] factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *McClain*, 519 F.3d at 284.[9] "The court, however, may not adjust the lodestar figure based on a *Johnson* factor already taken into account during the initial calculation." *Ramirez v. Lewis Energy Grp., L.P.*, 197 F. Supp. 3d 952, 956 (S.D. Tex. 2016).

"The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable." *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). "A district court must 'explain with a reasonable degree of specificity the findings and reasons upon which the award is based.'" *Id.* (quoting *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

Joe Hand seeks $4,150.00 in attorney fees for prosecuting this case. For support, Joe Hand submits the affidavit of its attorney, Jamie King, who avers she

---

[9] "The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases." *Von Clark v. Butler*, 916 F.2d 255, 258 n.3 (5th Cir. 1990) (citing *Johnson*, 488 F.2d at 717-19).

11

worked 16.6 hours on this case and his hourly rate is $250.00.[10]  Furthermore, Joe Hand requests post-trial and appellate fees.

The Court concludes that King's hours previously expended and her billing rate are reasonable.  The Court concludes that no adjustment based on the *Johnson* factors is appropriate.

The Court rejects Joe Hand's request at this time for post-trial and appellate fees as such a request is "speculative and premature."  *See Innovative Sports Mgmt.*, 2017 WL 6508184, at *6.  Accordingly, the Court will **award** Joe Hand $4,150.00 in attorney fees.

**D.     Costs**

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, [the federal] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  A district court, however, "may only award those costs articulated in [28 U.S.C. §] 1920 absent explicit statutory or contractual authorization to the contrary."  *See Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).  Under 28 U.S.C. § 1920, a court may tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees

---

[10]  Affidavit for Attorney's Fees and Costs ("King's Affidavit") [Doc. # 37-1], ¶¶ 5-6.

and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. *See* 28 U.S.C. § 1920.

Under 47 U.S.C. § 605(e)(3)(B), a prevailing party is entitled to recovery of its "full costs." "While the term, 'full costs,' is not defined in the statute, both the plain meaning of the statutory language and the legislative history of § 605(e)(3)(B)(iii) suggest that this term was intended to include expenses other than 'taxable costs'" under 28 U.S.C. § 1920. *See Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66 (E.D.N.Y. 2006).

Joe Hand seeks $1,075.00 in costs, specifically, $400.00 in filing fees and $675.00 in connection with retaining a private process server to effectuate service of process upon Defendants.[11]

The Court will award Joe Hand requested costs. Joe Hand's $400.00 for filing fees is taxable under § 1920 and is thus recoverable. *See Jensen v. Lawler*, 338 F. Supp. 2d 739, 745 (S.D. Tex. 2004) ("Under § 1920, Jensen can recover her

---

[11] King's Affidavit ¶ 8.

filing fee. The statute specifically authorizes the taxing of costs for '[f]ees of the clerk and marshal.'" (quoting 28 U.S.C. § 1920(1)). Joe Hand's costs associated with retaining a private process server are not taxable under § 1920. *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 975 (S.D. Tex. 2011) ("Because § 1920 contains no provision for the cost of private process servers, and because defendants have not provided any evidence of exceptional circumstances that required the use of private process servers or any evidence of what the United States Marshals Service would have charged for the same service, the court concludes that the amount defendants seek for service of subpoenas by private process servers is not recoverable under 28 U.S.C. § 1920."). Nevertheless, because Joe Hand is entitled to recover its "full costs," not merely its taxable costs under § 1920, the Court will award Joe Hand $675.00 in connection with service of process. *Cf. Kingvision Pay-Per-View*, 426 F. Supp. 2d at 67 (concluding "full costs" under § 605 includes investigative costs); *Joe Hand Promotions, Inc. v. Rascals Cafe, LLC*, No. 4:11-2135-TLW, 2012 WL 4762142, at *6 (D.S.C. Aug. 31, 2012) (awarding "investigative costs," "postage charges," and "courier charges" under § 605), *report and recommendation adopted*, 2012 WL 4762452 (D.S.C. Oct. 5, 2012); *J&J Sports Prods., Inc. v. Molina & Reyes Enters., LLC*, No. SA-17-CV-278-XR, 2017 WL 10841353, at *2 (W.D. Tex. Nov. 29, 2017) (awarding investigative fees).

## IV.  CONCLUSION AND ORDER

Based on Joe Hand's summary judgment evidence and the Individual Defendants' failure to respond to Joe Hand's Motion or Requests for Admission, the Court concludes summary judgment in favor of Joe Hand on its claims under 47 U.S.C. § 605 is appropriate.

Based on the Default Judgment against SNP Hookah Lounge and Grill LLC [Doc. # 30] and summary judgment against the Individual Defendants being entered in accordance with this Memorandum, all Defendants are jointly and severally liable for damages, attorney fees, and costs awarded to Plaintiff Joe Hand.  It is hereby

**ORDERED** that Plaintiff Joe Hand Promotions, Inc.'s Motion for Summary Judgment and Supporting Brief [Doc. # 34] is **GRANTED**.  It is further

**ORDERED** that summary judgment is entered in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendants Mohd Azeem Nasir Mahmood, Muhammad Alam Millu, and Nasir Mahmood.  It is further

**ORDERED** that the Default Judgment [Doc. # 30] entered on February 21, 2019, in favor of Plaintiff and against Defendant SNP Hookah Lounge and Grill LLC is incorporated herein.  It is further

**ORDERED** that Plaintiff may recover from Defendants, and Defendant are jointly and severally liable for, the following:

15

- Statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II): **$5,000.00**;

- Additional damages under 47 U.S.C. § 605(e)(3)(C)(ii): **$20,000.00**;

- Attorney fees: **$4,150.00**;

- Costs: **$1,075.00**;

- Post-judgment interest at a rate of **1.87%**.

A final, appealable judgment will separately issue.

SIGNED at Houston, Texas, this 31st day of **July, 2019.**

---
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE